USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/27/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DALIAN OCEAN SHIPPING COMPANY,

    Plaintiff,

- against -

GLASFORD SHIPPING LTD.,

    Defendant.

09 Civ. 7271 (PGG)

ORDER

PAUL G. GARDEPHE, U.S.D.J.:

    In connection with Plaintiff Dalian Ocean Shipping Company's August 18, 2009 application for an ex parte order for Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules For Admiralty Or Maritime Claims And Asset Forfeiture Actions ("Ex Parte Application"), the Plaintiff requests that this Court temporarily seal "the court file in this matter, including the Verified Complaint and all other pleadings and Orders filed and/or issued herein until further notice of this Court or notification to the clerk that property has been attached." (Affidavit of Charles E. Murphy dated August 13, 2009 ("Murphy Aff.") ¶ 17) For the reasons explained below, the Plaintiff's request for temporarily sealing is DENIED.

    "The common law right of public access is firmly rooted in our nation's history." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006). "The presumption of access is based on the need for federal courts, although independent – indeed, particularly because they are independent – to have a measure of accountability and for the public to have confidence in the administration of justice." Id. (quoting United States v. Amodeo, 71 F.3d 1044, 1048 (2d Cir. 1995)).

The Second Circuit has articulated a three-step process for determining whether documents should be placed under seal. First, a court must determine whether the presumption of access attaches. A presumption of access attaches to any item that constitutes a "judicial document" – i.e., an "item . . . relevant to the performance of the judicial function and useful in the judicial process." Id. (quotation omitted). If the court determines that the item to be sealed is a judicial document, the court must then determine the weight of the presumption of access. "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." Id. (quotation omitted). "Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." Id. (quotation omitted). Finally, after determining the weight of the presumption of access, the court must "balance competing considerations against it." Id. at 120. (quotation omitted). "Such countervailing factors include but are not limited to the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." Id. (quotation omitted).

The Second Circuit has further explained that "[d]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Id. (quoting In re New York Times Co., 828 F.3d 110, 116 (2d Cir. 1987)). "Broad and general findings by the trial court, however, are not sufficient to justify closure." Id. (quotation omitted).

In this action, although the Plaintiff requests that several types of documents be placed under temporary seal – e.g., the Verified Complaint, all other pleadings, and any Orders issued in this case – the only document that is currently before the Court is the Verified Complaint. Moreover, "other pleadings" are unlikely to become part of the record because the Court, in a separate order dated August 27, 2009, denied the Plaintiff's Ex Parte Application.

The Verified Complaint is a "judicial document" because it is "relevant to the performance of the judicial function and useful in the judicial process." Lugosch, 435 F.3d at 119; see also Bunkers Int'l v. Orient Oil, No. 08 Civ. 10905, 2008 WL 5431166, at *1 (S.D.N.Y. Dec. 23, 2008) (finding a verified complaint in a maritime action to be a judicial document). Moreover, "the presumption [of access] is strong as applied to the Verified Complaint" because it is "the initiatory document in an action and a roadmap to a party's claim for relief." Bunkers Int'l, 2008 WL 5431166, at *1. To rebut the strong presumption of access here, Plaintiff must offer specific facts "demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Lugosch, 435 F.3d at 119.

Plaintiff bases its sealing request on an allegation that "it is the practice of certain publications, specifically the newspaper Tradewinds, to publish the names of defendants named in Ex Parte Orders of Attachment, thus defeating the purpose of 'Ex Parte' application." (Murphy Aff., ¶ 12) Although Plaintiff argues that this Court has "an interest in preserving the efficacy of [its] Ex Parte Orders" (id., ¶ 14), this countervailing consideration is not sufficient to outweigh the strong presumption of access that attaches to the Verified Complaint, particularly where the Court has denied

3

the request for an attachment. Given the "marked increase in the number of applications for maritime attachments [in this District] . . . an argument which would result in the placement of a significant swath of the Court's docket out of public view should be viewed with the utmost scrutiny." Bunkers Int'l, 2008 WL 5431166, at *1.

Accordingly, Plaintiff's request to temporarily seal the documents filed in this matter is DENIED.

Dated: New York, New York
August 27 2009

SO ORDERED.

Paul G. Gardephe
United States District Judge

4