USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/27/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DALIAN OCEAN SHIPPING COMPANY,

        Plaintiff,

- against -

GLASFORD SHIPPING LTD.,

        Defendant.

09 Civ. 7271 (PGG)

ORDER

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiff Dalian Ocean Shipping Company ("Dalian") commenced this action on August 18, 2009 by filing a Verified Complaint seeking $850,322.40 inclusive of interest, costs, attorneys' fees, and arbitral costs. Plaintiff alleges that the Defendant breached a charter party by failing to make freight and demurrage payments. (Verified Cmplt., ¶¶ 10-14)

        Before the Court is Plaintiff's August 18, 2009 application for an ex parte order for Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules For Admiralty Or Maritime Claims And Asset Forfeiture Actions. In support of the application, Plaintiff's counsel submitted a copy of the Verified Complaint and an Affidavit describing counsel's efforts to find and serve Defendant within this District.

        Rule B of the Supplemental Rules For Admiralty Or Maritime Claims And Asset Forfeiture Actions of the Federal Rules of Civil Procedure ("Supplemental Rules") provides that:

> [i]f a defendant is not found within the district when a verified complaint praying for attachment and the affidavit required by Rule B(1)(b) are filed, a verified complaint may contain a prayer for process to attach the defendant's tangible or intangible personal property . . . <u>in the hands of garnishees</u> named in the process.

Fed. R. Civ. P. Supp. AMC R. B(1)(a) (emphasis added). Thus, "[t]o sustain an attachment, a plaintiff must show that it has fulfilled the 'filing and service requirements of Rules B and E' and that '1) it has a valid prima facie admiralty claim against the defendant; 2) the defendant cannot be found within the district; 3) the defendant's property may be found within the district; and 4) there is no statutory or maritime law bar to the attachment.'" <u>DSND Subsea AS v. Oceanografia, S.A. de CV</u>, 569 F. Supp. 2d 339, 343 (S.D.N.Y. 2008) (quoting <u>Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.</u>, 460 F.3d 434, 445 (2d Cir. 2006)).

Under Rule E of the Supplemental Rules, a plaintiff must plead its claim with "such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading." Fed. R. Civ. P. Supp. AMC R. E(2)(a). This "is [a] more stringent [standard] than the pleading requirements of the Federal Rules of Procedure," <u>Wilhelmsen Premier Marine Fuels AS v. UBS Provedores Pty Ltd.</u>, 519 F. Supp. 2d 399, 409 (S.D.N.Y. 2007), which require a plaintiff to at least allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). Even under the lower standard of Rule 8 of the Federal Rules of Civil Procedure, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," and "a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 550 U.S. at 570.

2

Plaintiff has attempted to satisfy the third Aqua Stoli requirement – pleading that "the defendant's property may be found within the district," 460 F.3d at 445 – by alleging that "Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of one or more garnishees which are believed to be due and owing to the Defendant." (Verified Cmplt., ¶ 21) Plaintiff asks this Court to issue an Order "attaching all tangible or intangible property of Defendant within the District, including but not limited to any funds held by any garnishee, which are due and owing to Defendant, up to the amount of $850,322.40 . . . ." (Id., ¶ 22.C)

Plaintiff has offered, however, no factual basis for believing that the unnamed garnishees are now holding, or will in the future hold, assets belonging to the Defendant. More is required to demonstrate a "plausible" entitlement to a maritime attachment than these conclusory allegations. Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570). Plaintiff's allegations must at least show that it is plausible to believe that Defendant's property will be "in the hands of" garnishees in the Southern District of New York at the time the requested writ of attachment is served or during the time that service is effected. See Winter Storm Shipping, Ltd. v. TPI, 310 F.3d 263, 278 (2d Cir. 2002) ("[I]n this Circuit . . . EFT ['electronic fund transfer'] funds in the hands of an intermediary bank may be attached pursuant to Admiralty Rule B(1)(a)." (emphasis added)); Aqua Stoli, 460 F.3d at 444 ("If [the defendant's] assets are presently located in the Southern District and [the defendant] cannot be 'found' within the district, [the plaintiff] is entitled under Rule B to attach those assets in aid of jurisdiction and to serve as security." (emphasis added)). See also ContiChem LPG v. Parsons Shipping Co., Ltd.,

3

229 F.3d 426, 434 (2d Cir. 2000) (citing Reibor Int'l Ltd. v. Cargo Carriers (KACZ-CO.) Ltd., 759 F.2d 262, 268 (2d Cir. 1985)) ("Rule B(1) relief is not valid where the attachment and garnishment is served before the garnishee comes into possession of the property."); DSND Subsea AS, 569 F. Supp. 2d at 345-47 (agreeing that ContiChem's "prohibition on attaching 'after acquired' property is not violated where there is an order permitting 'continuing service,' or where the garnishee agrees that service will be deemed good and ongoing for a reasonable period of time").

While "'[a]n EFT may be in the possession of a financial institution for only a very short period of time,' . . . and may move through the bank 'almost instantaneously,'" DSND Subsea AS, 569 F. Supp. 2d at 346 (internal quotations omitted), that fact does not absolve a plaintiff seeking to attach EFTs from meeting the applicable pleading requirements.[1] In Reibor Int'l Ltd., for example, the district court ordered the attachment based upon, inter alia, the allegation that specific funds would be remitted to the defendant, pursuant to a letter of credit, via a funds transfer that would pass through one of only two garnishee banks located in the District. 759 F.2d at 263–64. Plaintiff's allegations here lack any such specificity, and express little more than a speculative hope that Defendant's assets, in the form of EFTs, will fortuitously appear in one of the myriad banks in this District.

Nor are Plaintiff's allegations that Defendant "regularly [a]ffects freight payments in United States Dollars by way of electronic funds transfers" (Affidavit of

---

[1] Rule B plainly permits allegations based on "information and belief" relating to the requirement that "the defendant cannot be found within the district." Fed. R. Civ. P. Supp. AMC Rule B(1)(b). Rule B makes no such specification regarding proof of its other requirements, however, including the requirement that the property the plaintiff seeks to attach be "in the hands of garnishees named in the [attachment order]." Fed. R. Civ. P. Supp. AMC Rule B(1)(a).

4

Charles E. Murphy dated August 13, 2009, ¶ 4), sufficient to make it plausible that Defendant's property will be "in the hands of garnishees" in this District when the requested writ of attachment is served or during the time that service is effected. In <u>Marco Polo Shipping Co. Pte. Ltd. v. Supakit Prods. Co. Ltd.</u>, No. 08 Civ. 10940 (JGK), 2009 WL 562254, at *1–2 (S.D.N.Y. Mar. 4, 2009), another court in this District ruled that an allegation that the defendant "conducted its business in United States dollars" was not sufficient to demonstrate that a defendant's funds will pass through this District at some future time.

The <u>Marco Polo</u> Court began its analysis by acknowledging that under <u>Winter Storm</u>, 310 F.3d at 273, "a court may issue an attachment even if the plaintiff only anticipates that the defendant's funds will pass through the district at some unknown future time." <u>Marco Polo</u>, 2009 WL 562254, at *1. The Court noted, however, that it is unclear "what showing a plaintiff must make that the defendant's funds will pass through the district at some future time." <u>Id.</u>

Recognizing that, "in almost every case, there will be a 'viable potential' that a defendant may transfer funds through a New York bank," the Court expressed concern that "requiring so little to be shown for an attachment to issue renders the third requirement of <u>Aqua Stoli</u> almost meaningless." <u>Id.</u> at *2. The Court concluded that "[i]t is plain that a plaintiff must at least set forth enough facts to render it plausible that the defendant's funds will be present in the district at some future time." <u>Id.</u> The Court went on to hold that the plaintiff's allegations concerning conducting business in United States dollars "fail to meet this standard":

> The fact that the defendant is still actively doing business and at some point in the past has conducted business in

5

> United States dollars may mean that the defendant could
> transfer funds through a New York bank in the future, but it
> hardly makes it plausible that it actually will.

Id. The Court denied the requested attachment, holding that "the requirement that the defendant's property be found in the district has not been met." Id.

This Court adopts the reasoning and holding of Marco Polo. Plaintiff's "information and belief" allegation does not provide a sufficient factual basis to demonstrate the plausibility of Plaintiff's claim that the Defendant will in fact have property in this District in the hands of specified garnishees at the time the requested Rule B order is served on those garnishees. In short, Plaintiff has not included "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 70).

Plaintiff's application is deficient in other respects as well. Namely, Plaintiff offers no justification for its demand of $225,000 in legal fees – an amount representing over one-half of the value of its principal claim. (Verified Cmplt., ¶ 20) Plaintiff's submission also does not provide a basis for believing that interest will be awarded at a 5% rate for three years. (Id.)

Accordingly, IT IS HEREBY ORDERED that Plaintiff's application for Process of Maritime Attachment and Garnishment is DENIED without prejudice. Should Plaintiff wish to renew its application for Process of Maritime Attachment, Plaintiff shall file an Amended Verified Complaint setting forth the bases for its belief that Defendant's property may be found within this District, as well as facts necessary to remedy the other identified deficiencies in its complaint. At that time, the Court will reconsider whether the requirements of Rule B have been met.

IT IS FURTHER ORDERED THAT Plaintiff shall submit any Amended Verified Complaint no later than **September 11, 2009.** Absent the submission of a properly supported Amended Verified Complaint, or an affidavit showing good cause why the case should not be dismissed, the action will be dismissed without prejudice.

Dated: New York, New York
August 27, 2009

SO ORDERED.

Paul G. Gardephe
United States District Judge